UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIAM BEALS, | Civil No. 10-4984 (PAM/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ERIC HOLDER, U.S. Attorney General, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2).

## I. BACKGROUND

Plaintiff is a patient at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He has been civilly committed to the MSOP, because has been found to be a "psychopathic personality" under Minnesota law. In re Beals, No. C9-92-2335, (Minn.App. 1993), 1993 WL 52180 (unpublished opinion), aff'd, 1994 WL 929757 (Minn. Feb. 4, 1994) (unpublished opinion).

Plaintiff commenced this action by filing a self-styled pleading entitled "Petition for Writ of Mandamus Pursuant to Fed. Rules Civ. Proc. Rule 81, 28 USCA § 1361 Action to Compel an Officer of the United States to Perform His Duty." (Docket No. 1.) The sole

named Defendant is Eric Holder, the United States Attorney General. Plaintiff is seeking a writ of mandamus that would compel Defendant to conduct an investigation of MSOP, pursuant to the Civil Rights of Institutionalized Persons Act, ("CRIPA"), 42 U.S.C. §§ 1997a, 1997c. (Complaint, p. 1, ¶ 3.)

Plaintiff wants the Court to order Defendant to investigate the living conditions at MSOP, which he describes as "flagrant and egregious inhumane." (Id., p. 2, ¶ 7.) According to the complaint, MSOP "has failed to treat chronic illness, mental illnesses and physical conditions that require a higher standard of care than what the detainees are currently receiving." (Id., p. 3, ¶ 9.) It is further alleged that the conditions at MSOP are "extreme deplorable," (id., p. 3, ¶ 10), that MSOP "will not provide treatment for even basic medical needs such as headache medicine," (id.), and that "detainees are under extreme punitive conditions that the program has arbitrarily created to place the detainees under the constant threat of imminent danger of physical and mental damages, for political gain and state funding," (id., p. 3, ¶ 11). Plaintiff claims that the conditions at MSOP deprive MSOP detainees of "rights, privileges, or immunities secured or protected by the Constitution or laws of United States" – in particular, the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution. (Id., p. 4, ¶ 18.)

Plaintiff believes that Defendant should conduct a "CRIPA investigation" of the conditions at the MSOP. It appears that Plaintiff has written a letter to Defendant requesting such an investigation, but Defendant has not responded. (See id., p. 4, ¶ 18; p. 6, ¶ 28.) Plaintiff is now asking the Court to issue a writ of mandamus that would compel Defendant "to provide a CRIPA investigation." (Id., p. 6, ¶ 26; p. 7, "Prayer for Relief," ¶ 3.)

Plaintiff is also seeking an order that would compel Defendant to "Grant relief Under 42 USCA § 2001 and 42 USCA § 2002 for the Native American Indians be Transferred out of the state hospitals and facilities for conditions and restrictions; failure to meet requirements." (Id., p. 7, "Prayer for Relief," ¶ 7.) Finally, Plaintiff wants the Court to order Defendant to conduct a criminal investigation pursuant to 18 U.S.C. § 241-247, (which criminalizes civil rights violations), and 18 U.S.C. § 1962(c) and (d), (which criminalizes racketeering activity). (Id., p. 7, "Prayer for Relief," ¶s 9-10.)

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

In this case, Plaintiff is seeking a writ of mandamus that would compel Defendant, the United States Attorney General, to conduct a "CRIPA investigation." Plaintiff also wants the Court to enter an order that would compel Defendant to transfer Native Americans out of state hospitals, and conduct a criminal investigation. (Plaintiff has not described how or why he thinks the transfer of Native Americans should be effected; nor has he identified who he thinks should be subjected to a federal criminal investigation.)

The Eighth Circuit Court of Appeals has explained that –

> "'[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations...' A federal court is justified in issuing a writ of mandamus, therefore, only if a petitioner is able to establish a 'clear and indisputable right' to the relief sought, the defendant has a nondiscretionary duty to honor that right, and the petitioner has no other adequate alternative administrative or judicial remedy."

In re Lane, 801 F.2d 1040, 1042 (8th Cir.1986) (emphasis added), quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980), and Borntrager v. Stevas, 772 F.2d 419, 420 (8th Cir.), cert. denied, 474 U.S. 1008 (1985). See also In re SDDS, Inc., 97 F.3d 1030, 1034 (8th Cir. 1996) ("[t]he issuance of a writ of mandamus 'is a drastic remedy to be invoked only in extraordinary situations,'... and may issue 'only if a petitioner is able to establish a clear and indisputable right to the relief sought, the defendant has a nondiscretionary duty to honor that right, and the petitioner has no other adequate alternative administrative or judicial remedy'") (citations omitted).

In this case, it is readily apparent that Plaintiff cannot be granted a writ of mandamus, because Defendant has no mandatory legal duty to perform any of the actions that Plaintiff is requesting.

Plaintiff's claims are based primarily on 42 U.S.C. § 1997a(a), which provides as follows:

> "**(a) Discretionary authority of Attorney General; preconditions**
> Whenever the Attorney General has reasonable cause to believe that any State or political subdivision of a State, official, employee, or agent thereof, or other person acting on behalf of a State or political subdivision of a State is subjecting persons residing in or confined to an institution, as defined in section 1997 of this title, to egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, the Attorney General, for or in the name of the United States, may institute a civil action in any appropriate United States district court against such party for such equitable relief as may be appropriate to insure the minimum corrective measures necessary to insure the full enjoyment of such rights, privileges, or immunities, except that such equitable relief shall be available under this subchapter to persons residing in or confined to an institution as defined in section 1997(1)(B)(ii) of this title only insofar as such persons are subjected to conditions which deprive them of rights, privileges, or immunities secured or protected by the Constitution of the United States."

This statute, by its heading, and by its use of the word "may," bestows upon the Attorney General only the <u>discretionary authority</u> to commence a lawsuit when there is reasonable cause to believe that state officials are violating the constitutional rights of institutionalized individuals. There is nothing in the statute that says – or even implies – that the Attorney General has any <u>nondiscretionary duty</u> to conduct any type of investigation, to commence any lawsuit, or to perform any other action. Simply put, the statute does not <u>require</u> the Attorney General to do anything.[1]

"The purpose of a writ of mandamus is not to establish a legal right but to enforce a legal right which has already been established or is conceded, and the right of the petitioner to the performance of the act sought to be compelled must be clear, specific, complete and certain." <u>Larsen v. Switzer</u>, 183 F.2d 850, 851 (8th Cir. 1950), <u>cert</u>. <u>denied</u>, 340 U.S. 911 (1951). Here, Plaintiff is asserting an alleged legal right, (i.e., the alleged right to have the Attorney General conduct a so-called "CRIPA investigation"), which is <u>not</u> "established or conceded," and Plaintiff is seeking to compel an act that is <u>not</u> "clear, specific, complete and certain." Again, the action that Plaintiff is seeking to compel in this case is purely discretionary, not mandatory. Therefore, Plaintiff cannot be granted the writ of mandamus that he is seeking. <u>See</u> <u>In re Lane</u>, 801 F.2d at 1042 ("'[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable'") (citations omitted).

---

[1] Plaintiff has also cited 42 U.S.C. § 1997c, which authorizes the Attorney General to intervene in an existing federal court lawsuit. That statute is clearly inapplicable here, because nothing in Plaintiff's pleading suggests that there is any other existing lawsuit in which the Attorney General should (allegedly) be required to intervene. Moreover, § 1997c does not impose a nondiscretionary duty; it merely provides "discretionary authority" to intervene.

The Court further notes that there appears to be an "alternative remedy" available to Plaintiff. If Plaintiff believes that his federal constitutional rights are being violated at MSOP, by individuals acting under color of state law, then he should be able to sue those individuals, for either compensatory or injunctive relief, in a civil rights action brought under 42 U.S.C. § 1983. Plaintiff need not rely on Defendant to exercise the discretionary authority granted by § 1997a. If Plaintiff believes that he is being deprived of his constitutional rights, he can seek relief by bringing his own action in federal court. See 42 U.S.C. § 1997j ("[t]he provisions of this subchapter shall in no way expand or restrict the authority of parties other than the United States to enforce the legal rights which they may have pursuant to existing law with regard to institutionalized persons").[2] The existence of an alternative remedy under § 1983 reinforces the Court's determination that Plaintiff has not pleaded an actionable mandamus claim.

Finally, none of the other statutes cited by Plaintiff imposes any duty on the Attorney General that could be enforceable by a writ of mandamus (or otherwise). 42 U.S.C. §§ 2001-2002 merely transfers certain Indian health care responsibilities from the Department of the Interior to the Department of Health and Human Services, and authorizes the Secretary of Health and Human Services to enter into contracts with private health care providers. Nothing in those statutes imposes any duty on the Attorney General.

---

[2] This assumes that Plaintiff himself has suffered some alleged violation of his constitutional rights at MSOP. It is not clear from the current complaint whether Plaintiff is actually seeking relief for himself, or only for the benefit of other MSOP detainees. If Plaintiff has not suffered some personal deprivation of his own constitutional rights, then he may not have standing to bring a § 1983 civil rights action on his own. However, if Plaintiff would lack standing to bring a civil rights action, then he must also lack standing to bring the present action. He cannot evade the fundamental requirement of standing simply by bringing a mandamus action in lieu of a civil rights action.

18 U.S.C. § 241-247 and 18 U.S.C. § 1962 are criminal statutes. Although it is the Attorney General's responsibility to enforce those statutes, it is well-settled that federal courts cannot compel the Attorney General to conduct criminal investigations, or file criminal charges. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), cert. denied, 532 U.S. 1019 (2001); see also Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution" because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

For all of the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B).

## III. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED;

2. This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: January 14, 2011         s/ Arthur J. Boylan  
      ARTHUR J. BOYLAN  
      Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before January 28, 2011.